UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ZACHARY CROUCH, )
)
    Plaintiff, )
) No. 3:24-CV-143-TAV-DCP
v. )
)
INTERNAL REVENUE SERVICE, )
)
    Defendant. )

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court his on Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 1] and on Plaintiff's Complaint [Doc. 2]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 1**] and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and no assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In addition to the above screening measures, "a court has an independent obligation to dismiss a case '[i]f the court determines at any time that it lacks subject-matter jurisdiction . . .'" *Ellis Warren v. Dep't of Treasury*, No. 15-CV-11367, 2015 WL 5166008, at *1 (E.D. Mich. May 6, 2015) (alterations in original) (citing Fed. R. Civ. P. 12(h)(3)), *report and recommendation adopted*, No. 15-CV-11367, 2015 WL 4545995 (E.D. Mich. July 28, 2015). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Allegations

Plaintiff alleges that in 2023, he paid taxes to the Internal Revenue Service ("IRS") [Doc. 2 p. 2]. He was entitled to a refund in the amount of $1,202.42 [*Id.*]. The amount credited to his bank account, however, was only $178.14 [*Id.*]. "The difference was said to be given to the [Tennessee] Department of Human Services for a debt that Plaintiff does not owe" [*Id.*]. He alleges theft and seeks $1,024.28 in damages" [*Id.*].

### B. Screening of the Complaint

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts have jurisdiction over "[a]ny civil action or claim against the United States for the recovery of any internal-revenue tax revenue tax alleged to have been erroneously assessed or collected." *Warren*, 2015 WL 5166008, at *2 (quoting 28 U.S.C. § 1346(a)(1)). Prior to filing a lawsuit, however, the plaintiff must comply with 26 U.S.C. § 7422(a).

3

*Id*.; *Whatley v. IRS.*, No. 3:19-CV-12, 2019 WL 545013, at *2 (E.D. Tenn. Jan. 22, 2019), *report and recommendation adopted*, No. 3:19-CV-12, 2019 WL 539005 (E.D. Tenn. Feb. 11, 2019). This statute provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). This statute "forms a 'jurisdictional prerequisite to bringing suit.'" *Warren*, 2015 WL 5166008, at *2 (quoting *Comm'r v. Lundy,* 516 U.S. 235, 240 (1996), *superseded by statute on other grounds as recognized in Healer v. Comm'r,* 115 T.C. 316, 320, 2000 WL 1520333 (2000)). If a plaintiff has not complied with § 7422(a), a suit alleging that the plaintiff is entitled to a refund must be dismissed for lack of jurisdiction. *Id*.

Here, Plaintiff filed his action on March 27, 2024, alleging that he is entitled to a refund based on his 2023 taxes [Doc. 2 p. 2]. There are no allegations included in the Complaint that he complied with 26 U.S.C. § 7422(a). *See Whatley*, 2019 WL 545013, at *3 ("Ultimately, Plaintiff has failed to demonstrate that he exhausted his administrative remedies before filing this action. Therefore, as Plaintiff has not alleged that he properly submitted a claim to the IRS regarding the disputed tax return, the undersigned finds that this Court lacks jurisdiction over his Complaint."); *Warren*, 2015 WL 5166008, at *4 (recommending dismissal of the plaintiff's complaint because "it [did] not allege that [the p]laintiff filed the necessary refund claims with the Secretary"). And here, given that Plaintiff's allegations relate to his 2023 taxes, "it seems nearly impossible that even a properly filed refund claim would have passed the six month period in which the Secretary can review it." *Warren*, 2015 WL 5166008, at *4 (citing 26 U.S.C. § 6532(a)). The Court has

4

considered whether Plaintiff should be given leave to amend his Complaint, but the undersigned declines to do so here because an amendment will not cure the deficiency.

III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation [**Doc. 1**][2] and **RECOMMENDS**[3] that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).